IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
FRANK GEORGE McALEESE,          :    CIVIL ACTION
          Petitioner,   :
:
    v.                             :    NO. 02-2893
:
EDWARD T. BRENNAN, et al.,      :
          Respondents.  :
_____:

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

      Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by the Petitioner, Frank George McAleese ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated at the State Correctional Institution at Albion, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be denied and dismissed without an evidentiary hearing.

**I.**    **PROCEDURAL HISTORY.**[1]

      Petitioner was tried before a jury in the Court of Common Pleas of Philadelphia County and convicted on June 17, 1983 of third degree homicide and possession of instruments of crime. On August 28, 1986, the Honorable Edwin S. Malmed of that court sentenced Petitioner to twelve and one-half to twenty-five

---

[1] This information is taken from the Record of this case including the Petition for Writ of Habeas Corpus, the Response, the Traverse and all attachments to pleadings.

years' imprisonment, effective December 2, 1982.  Petitioner challenged the conviction through state court appeals and a federal petition for writ of habeas corpus.

On September 2, 1995, shortly before Petitioner's minimum sentence was to expire, the Pennsylvania Board of Probation and Parole ("PBPP") refused to release Petitioner on parole for the following reasons: poor prison adjustment, habitual offender, assaultive instant offense, highly assaultive behavior potential, victim injury, weapon involved in the commission of the offense, need for counseling, and an unfavorable recommendation from the Department of Corrections.  The PBPP stated that Petitioner must participate in a program plan including sex offender therapy, must maintain a clear prison conduct record, and must earn an institutional recommendation for parole.

The PBPP reconsidered Petitioner for parole in August 2000 and again refused his parole on August 8, 2000, deciding that Petitioner would serve the remainder of his sentence in prison because he showed no remorse for the murder he committed.  Petitioner again applied for parole one year later, and the PBPP reaffirmed its August, 2000 decision on October 30, 2001.

Petitioner filed a pro se Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Pennsylvania on March 2, 1998.  On May 20, 1998, counsel for Petitioner entered their appearance.  On July 2,

1998, Petitioner filed a Motion to Transfer and a Motion for Leave to File a Second Amended Petition. On March 2, 1999, Magistrate Judge Susan P. Baxter filed a Report and Recommendation recommending that the Petition be dismissed for failure to exhaust state remedies, and that a certificate of appealability be denied, rendering all other outstanding motions futile. This Report and Recommendation was approved and adopted by an Order dismissing the Petition and denying a certificate of appealability by United States District Court Judge Sean J. McLaughlin on May 17, 1999. The case was closed on May 17, 1999.

Petitioner filed a <u>pro se</u> appeal with the United States Court of Appeals for the Third Circuit ("Third Circuit"). The Third Circuit vacated the District Court's judgment, and remanded the case for further proceedings on December 20, 2001. Petitioner filed a Motion for Appointment of Counsel which was denied on January 7, 2002. Petitioner also filed a Motion to Transfer to this District Court on January 24, 2002. Magistrate Judge Baxter issued a second Report and Recommendation on March 27, 2002 recommending that the Motion should be granted. The case was thereafter transferred to this District on May 15, 2002, and Petitioner was provided with current petition forms on May 30, 2002. The forms were received from Petitioner on June 20, 2002, and this case was referred to me for preparation of a Report and Recommendation on July 22, 2002. In the instant Petition, Petitioner claims that the PBPP's refusal of parole

3

violates the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  He alleges that the PBPP denied his application for parole on September 2, 1995 in order to (1) retaliate against him for his refusal to testify in favor of the prosecution in the original 1985 murder trial of Wilfredo Santiago for the killing of a Philadelphia police officer, and (2) coerce him to change his testimony for Santiago's pending retrial in 1995. Respondents contend that the PBPP's actions violate none of these Amendments, that Petitioner has possible state judicial remedies for the First Amendment and Equal Protection claims which he advances and this Petition must be dismissed because Petitioner has not exhausted those claims, and that this Petition is time-barred.

**II.    DISCUSSION**.

Respondents first note that Petitioner has not raised any of the grounds for which he seeks habeas relief in the Pennsylvania state courts.  They argue that, although Petitioner has no state court remedy for his Due Process or Fifth Amendment claims, he does have a remedy available for his First Amendment and Equal Protection claims in the form of a writ of mandamus in the Commonwealth Court of Pennsylvania.  If Petitioner does not exhaust state remedies as to all of his claims, none can be reviewed by this Court.  Rose v. Lundy, 455 U.S. 509 (1982).

This argument was presented to the United States District Court for the Western District of Pennsylvania and that

court agreed that Petitioner had not exhausted his state court remedies and dismissed the Petition. The Third Circuit granted Petitioner's request for appealability, but after briefing was completed, stayed the appeal pending the outcome of Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001). The Third Circuit held on November 21, 2001 that Petitioner's claims do not fit the class of claims for which judicial review is available in state court, therefore Petitioner does not have state remedies to exhaust and the Western District Court should not have dismissed the Petition for failure to exhaust. (Traverse, Ex. O.)

The next issue to be examined is whether the Petition is time-barred. The Third Circuit did not express an opinion on this issue, stating:

> whether McAleese's petition is time-barred is a matter best addressed in the first instance by the District Court, which has yet to reach this question. Assuming *arguendo* that AEDPA's one year statute of limitations applies to McAleese's petition, McAleese has provided reasons for equitable tolling which are not self-evidently meritless and which turn on factual determinations which should be made by the District Court.
>
> . . .
>
> We express no opinion concerning whether the statute of limitations applies in this case, or, if it does, whether it bars McAleese's petition.

McAleese v. Brennan, No. 99-2468 (3d Cir. Nov. 21, 2001)(slip op.) The timeliness of the instant Petition must be examined under the terms of the Antiterrorism and Effective Death Penalty

5

Act of 1996 ("AEDPA"), which was enacted April 24, 1996. Pub.L. 104-132, 110 Stat. 1214. Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations. The AEDPA also amended 28 U.S.C. section 2244 to require that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If direct review of a criminal conviction ended before the AEDPA's effective date, a prisoner has one year after April 24, 1996, the date of the AEDPA's enactment to properly file a habeas action, or until April 23,

1997.  <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998).

In this case, the limitations period would arguably run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, which would be the date that Petitioner was denied probation on September 2, 1995.  Because the AEDPA was enacted on April 24, 1996, however, Petitioner would have one additional year, or until April 23, 1997, within which he could file a timely federal habeas petition.  Because the instant Petition was filed on March 2, 1998, it is time-barred.

One opportunity for relief from the time-bar may remain for Petitioner, however, because the statute of limitations in the AEDPA is subject to equitable tolling. <u>Robinson v. Johnson</u>, 313 F.3d 128, 134 (3d Cir. 2002)(citing <u>Miller v. New Jersey State Dep't of Corr.</u>, 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted)).  "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" <u>Miller</u>, 145 F.3d at 618 (quoting <u>Shendock v. Dir., Ofc. of Workers' Comp. Programs</u>, 893 F.2d 1458, 1462 (3d Cir.)(en banc), <u>cert. denied</u>, 498 U.S. 826 (1990)).  The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.' Mere excusable neglect is not sufficient." <u>Id.</u> (quoting <u>New Castle County v. Halliburton NUS Corp.</u>, 111 F.3d 1116, 1126 (3d Cir. 1997) and citing <u>Irwin v. Dep't of Veterans Affairs</u>, 498

U.S. 89, 96 (1990)). The Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)(citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)(citations omitted)).

Petitioner argues that his Petition is timely in an attempt to circumvent the one-year limitations period by linking all three instances in which he was denied parole, in 1995, 2000, and 2001, under a continuing violation theory. He states that "the cause of action has been one uninterrupted continuing violation and continuing chain of tortious activity sponsored by the respondents." (Traverse at 10.) Despite this creative argument, Petitioner has not presented any compelling evidence to convince this Court that he was in any way prevented from asserting his rights by April 23, 1997. Petitioner was able to write to the PBPP on at least three occasions: on March 12, 1996 regarding his parole status (Traverse, Ex. I); on October 2, 1998 outlining points and concerns regarding the PBPP's reasons of his parole refusal (Id., Ex. M); and on December 30, 1999. (Id., Ex. N.) Petitioner could have, but did not, file any request for relief in this Court or in any state court. Instead, Petitioner

continued merely to author correspondence to the PBPP. It is also evident that Petitioner was not ignorant of court procedure. He managed to file a direct appeal from his initial sentence through the state court system and also filed a prior petition in this Court. This case does not come within any of the enumerated reasons for which equitable tolling may be applicable. Thus, Petitioner has not established that he is entitled to equitable tolling and his Petition should be denied and dismissed without an evidentiary hearing.

Therefore, I make the following:

### **RECOMMENDATION**

AND NOW, this         day of July, 2003, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus and the Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2251 be DENIED and DISMISSED, thereby rendering all other outstanding Motions futile. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
ARNOLD C. RAPOPORT
United States Magistrate Judge